# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARL SCHUBERT, : | |
| Petitioner : | |
| v. : | CIVIL ACTION NO. 3:16-2198 |
| SUPT. BARRY SMITH, *et al.*, : | (Judge Mannion) |
| Respondents : | |

## MEMORANDUM

Karl Schubert, an inmate confined at the State Correctional Institution Houtzdale, Pennsylvania, filed, through counsel, this habeas corpus petition pursuant to 28 U.S.C. §2254. (Doc. 1). He attacks his April 28, 2014 sentence of 6 to 20 years imprisonment imposed by the Court of Common Pleas for Cumberland County, Pennsylvania, for sexually related charges. The court also designated petitioner as a sexually violent predator and he was required to register for life under Pennsylvania's Megan's Law. Presently before the court is the Report and Recommendation of Judge Carlson in which he recommends that the habeas petition be conditionally granted due to ineffective assistance of his trial counsel for failure to present a material defense witness at his criminal trial. (Doc. 11). No objections have been filed to Judge Carlson's report and the time in which to file objections has expired.

The court will **ADOPT** Judge Carlson's report and **CONDITIONALLY GRANT** the habeas petition. The petitioner's conviction and sentence will be **VACATED**, and the Commonwealth will be directed to either retry the

petitioner within 120 days or release him from custody.

I.   **STANDARD OF REVIEW**[1]

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not,

---

[1] Since Judge Carlson states the correct standard for review with respect to habeas corpus petition pursuant to 28 U.S.C. §2254, the court does not repeat it herein. Judge Carlson also states the correct two-prong test with respect to a claim of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 688 (1984), and it shall not be repeated.

the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II. DISCUSSION

After a through review of the record in petitioner's case and the briefs of the parties as to whether this petition should be granted for alleged ineffective assistance of trial counsel based on Strickland v. Washington, 466 U.S. 668, 688 (1984), Judge Carlson finds that the petition should be granted to the extent stated above. Specifically, Judge Carlson finds, in light of "the unique facts of this case", that "[petitioner] Schubert was prejudiced by the failure of defense counsel to identify, locate, and present a material defense witness [i.e., the victim's teenage babysitter] at trial whose testimony potentially [undermines the entire prosecution case and significantly undercuts the testimony of virtually every prosecution witness]." As Judge Carlson states, this witness was the only person who the victim allegedly told about the alleged sexual abuse by petitioner at the time it was happening, and the victim testified that her babysitter did nothing to help her. However, "[t]he jury never heard from [the babysitter]" and the investigating police officer "Nailor never spoke with her during his investigation, and neither did Schubert's trial counsel, despite having been asked to do so by Schubert and his family." Judge Carlson notes that even though the prosecutor also wanted officer Nailor to interview the babysitter, he never did. Additionally, the

3

petitioner specifically asked his trial counsel to interview her, but he failed to do so and "never hired a private investigator or attempted to perform an investigation to obtain her testimony himself."

The babysitter did however testify at the petitioner's PCRA hearing and, in contradiction to the victim's testimony at trial, stated that during the time of the alleged abuse, the victim never told her that the petitioner was abusing her, rather, the victim said that her half-brother was the abuser. The babysitter then stated that she reported what the victim told her to the victim's mother who said that she would handle it. Despite this testimony, the PCRA court denied the petitioner's petition.

On appeal the PA Superior Court affirmed the County Court's denial of the petitioner's PCRA petition and, "found no error with the PCRA court's finding that the petitioner had failed to demonstrate that he was actually prejudiced by counsel's ineffective performance."

"Because the state court denied [petitioner's] ineffective assistance claim on the merits, [petitioner] "may obtain federal habeas relief under AEDPA only if the state court decision was (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Gregg v. Rockview, 596 Fed.Appx. 72, 76 (3d Cir. 2015) (citing Grant v. Lockett, 709 F.3d 224, 231 (3d Cir. 2013)).

In his extremely thorough and well-reasoned report, Judge Carlson

4

states that "we fully agree with the Superior Court's assessment that trial counsel's failure to investigate [the babysitter] was itself unreasonably deficient and constituted ineffective representation, but we find that the Superior Court's conclusion regarding the prejudicial nature of this failing by counsel was an unreasonable application of federal law governing ineffectiveness of defense counsel under the facts of this case." Specifically, Judge Carlson finds that the petitioner has shown a reasonable probability that the outcome of his trial would have been different had his counsel conducted a reasonable investigation regarding the babysitter. Judge Carlson finds that the decisions of the state court, i.e., the PCRA court and the Superior Court, which determined that the ineffectiveness of petitioner's trial counsel was not prejudicial to his case, "essentially ignored the profound effect that the absence of [this witness's] testimony had on the testimony of nearly all of the Commonwealth's witnesses." In particular, Judge Carlson notes that the state courts "failed to adequately acknowledge that [her] testimony would not only have directly impeached [the victim], but also would have told the jury that [the victim] had actually named her own brother as her assailant at the time the assaults were allegedly occurring."

The court fully concurs with Judge Carlson's analysis and his conclusion that "the petitioner is entitled to habeas relief in this case because his trial counsel rendered constitutionally ineffective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution, [and his trial counsel's unreasonable failure to investigate this extremely important witness

5

caused prejudice to the defense], and [ ] the state courts' decisions represent an unreasonable application of this clearly established federal law [under *Strickland*]." *See Gregg, supra*; Rolan v. Vaughn, 445 F.3d 671 (3d Cir. 2006).

### III. CONCLUSION

In light of the foregoing, the court will **ADOPT** Judge Carlson's unobjected to report, (Doc. 11), and **GRANT** petitioner Schubert habeas relief, (Doc. 1). Schubert's Cumberland County conviction and April 28, 2014 sentence will be **VACATED**. The court will direct the Commonwealth to release Schubert from custody unless he is retried in Cumberland County Court within 120 days. *See Gregg, supra.* An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 10, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2198-01.wpd